

DALLAS   NEW ORLEANS

**MEMO ENDORSED**

August 16, 2024

Hon. Edgardo Ramos
United States Courthouse
40 Foley Square, Courtroom #619
New York, NY 10007
Phone: (212) 805-0294
Fax: (212) 805-7943

> Komorek is directed to respond by August 26, 2024. The Court will hold a telephonic conference on September 12, 2024, at 10:30 a.m. to address the request. The parties are directed to dial 877-411-9748 and enter access code 3029857# when prompted. SO ORDERED.
>
> Edgardo Ramos, U.S.D.J.
> Dated: August 19, 2024
> New York, New York

*Via ECF Filings System.*

RE:  *Komorek, et al v. Conflict, et al*, Case No. 22-cv-9467;
*Conflict v. Komorek, et al*, Case No. 23-cv-2165;
Informal Discovery Conference under Local Rule 37.2 regarding a Motion for Order or Subpoena under 5 U.S.C. § 552a(b)(11).

Dear Judge Ramos

As you may recall, this matter involves, in part, a dispute between my client Conflict International, Inc. and Andrew McLaren ("Conflict") and their prior employee Stephen Komorek ("Komorek"). Conflict files this letter motion to seek third party discovery of Komorek's military records pursuant to 5 U.S.C. § 552a(b)(11) which requires a court order or subpoena signed by the Court.

Komorek's remaining claims are based, in part, on several allegedly defamatory statements made by Defendant McLaren regarding Komorek's past military service. Relevant to this motion, those claims are centered in three statements in August of 2022. Doc. 40, ¶¶ 43-5. For ease, they are:

**August Defamation 1:**

> SK is a pathological
> Liar
> I have his military records he is a complete fraud
> I tried to take high road but his non stop harassment and slander needs to be addressed

**DALLAS (PRINCIPAL OFFICE)**
1341 West Mockingbird Lane, Suite 820  Dallas, Texas 75247
T  214-396-7622     F  888-731-6940

**NEW ORLEANS**
230 Polk Street, Suite A  New Orleans, Louisiana 70124
T  504-930-4330     F  888-731-6940

BEARDENLAWFIRM.COM

**August Defamation 3:**

> Discharged from the National Guard as medically unfit for service, but that also covers behavioral discharges. it is reported he was found to be a habitual liar.
> No personally earned awards.
> Education all correspondence courses.
> Not a military intelligence soldier as claimed
> Not special forces as claimed
> Not assigned to special operations as claimed
> No college
> No security clearance, records show he was denied a clearance.

The August Defamation 2 is a document that Komorek claims McLaren adopted and is attached to the original complaint as Doc. 1-1. *See, Komorek, et al v. Conflict, et al,* Case No. 22-cv-9467. That document challenges the length and specialization of Komorek's service and the reasons for discharge. In response, Defendants have plead several affirmative defenses to include truth, substantial truth, libel proof plaintiff doctrine, and opinion, amongst other defenses. Doc. 55, ¶¶ 125-133.

Furthermore, Conflict has brought claims against Komorek for breach of his fiduciary duties based on his false representations of his employment history, overstating his intelligence-gathering capabilities, and misrepresenting his qualifications during his employment. Thus, Defendants need information in the possession of the US Army to verify the particulars of Mr. Komorek's military service history for both the defamation claims and the breach of fiduciary duty claims.

Normally, a party may request such third-party information by way of a subpoena duces tecum under Rule 45. However, under 5 U.S.C. 552a(b)(11) of the Privacy Act, a party can only obtain such information "pursuant to the order of a court of competent jurisdiction." *Id.* A subpoena, by itself, is not sufficient to allow disclosure unless it is signed by a court. *See Doe v. DiGenova*, 779 F.2d 74, 85 (D.C. Cir. 1985).

However, the Privacy Act does not serve as "an evidentiary exclusionary rule" barring the discovery and use of relevant documents by private litigants. *See In re F & H Barge Corp.*, 46 F. Supp. 2d 453 (E.D. Va. 1998) (*citing Doe*, 779 F.2d at 85 note 21 (D.C. Cir.1985) (*citing with approval, Word v. U.S.*, 604 F.2d 1127, 1129 (8th Cir.1979)). "[T]he Act cannot be used to block the normal course of court proceedings, including court-ordered discovery." *Clavir v. United States*, 84 F.R.D. 612, 614 (S.D.N.Y. 1979). The standard for

whether an order should issue is the relevancy standard under Rule 26(b). *See Bennett v. Cuomo*, No. 22 CIV. 7846 (VSB) (SLC), 2024 WL 2963714 at *19 (S.D.N.Y. June 12, 2024), *see also Laxalt v. McClatchy*, 809 F.2d 885, 888-9 (D.C. Cir. 1987).

Conflict and McLaren cannot either (1.) defend or prove the truth of the allegedly defamatory statements made or (2.) prosecute their claims of Komorek misrepresenting his experience without Komorek's military records. In addition to his military posts, Komorek's actual past experience, duties, disciplinary history, and performance are both relevant and material to this litigation.

The Conflict parties have requested a release to obtain the records in lieu of a formal order. Mr. Klein and I have met and conferred on this issue on August 14th, 2024. Specifically, we discussed whether Komorek would either (1.) agree to sign a release in lieu of a court order for those records; Or, (2.) whether the parties would agree to an order or subpoena by this Court for disclosure of his military records. However, the parties were unable to reach an agreement. Notwithstanding this dispute, the parties have entered into an agreement for a confidentiality order to apply to all discovery in this matter which should be filed as a proposed agreed order shortly for your review. Therefore, the Conflict parties request an informal conference on this discovery dispute pursuant to Local Rule 37.2 to address this issue and to formally request an order or subpoena to compel disclosure of Mr. Komorek's military records pursuant to 5 U.S.C. § 552a(b)(11).

Sincerely,

*/s/ Wes Bearden*

Wes Bearden, Attorney


cc: File, Client, Opposing Counsel.